Dear Mr. Swischer:
This official opinion is issued in response to your request for a ruling on the following question:
 May the judges of the county court of a third class county properly refuse to pay the employer's share of the social security tax imposed upon the salary of an assistant prosecuting attorney employed pursuant to Section 56.700, RSMo., 1979?
Subsection 1 of § 56.700, RSMo Supp. 1980, applies to your situation and provides as follows:
 1. The prosecuting attorney in each county of the second, third or fourth class which contains a mental health facility able to serve at least one hundred forty persons on an overnight, inpatient basis at any one time, and which is operated by the state department of mental health, division of psychiatric services, may employ an assistant prosecuting attorney to assist in carrying out the duties of the office of prosecuting attorney relating to mental health and mental health facilities. The assistant prosecuting attorney authorized by this subsection shall be in addition to any other assistant prosecuting attorney authorized by law. The assistant prosecuting attorney employed under this subsection shall receive an annual compensation of fifteen thousand dollars payable out of the state treasury from funds appropriated for that purpose.
In your facts you have stated that the presiding judge of the Vernon County Court received a letter from the deputy director for administration of the Department of Mental Health which said the following:
 [Y]our county may employ an assistant prosecuting attorney . . . to assist in carrying out the duties relating to mental health and mental health facilities. This individual shall receive an annual compensation of fifteen thousand dollars ($15,000) from state appropriated funds. The $15,000 limit will include any expenses for payroll taxes and related fringe benefits.
Apparently because of this statement in the letter from the Department of Mental Health, the Vernon County Court has refused to pay the employers' contributions of social and employment security taxes thereby lowering the assistant's compensation over one thousand two hundred dollars ($1,200) a year. You have further stated that "no other county employee who must bear the expense of paying both his own and the employer's share of such taxes."
You have further enclosed with your opinion request a letter from the county court of Vernon County in response to a request for the county to pick up the payroll taxes and fringe benefits as follows:
 We have discussed your request for the County to pick up the payroll taxes and fringe benefits for the state funded mental health positions. After reviewing Section 56.700, and the letter from the Department of Mental Health, we have decided not to do this. The total cost for the positions, including salaries, payroll taxes and the fringe benefits will be paid from the State appropriated funds as stated in the Section 56.700.
Finally, the General Assembly has appropriated one hundred and eighty thousand dollars ($180,000) "for distribution through the Office of Administration for payments to counties pursuant to House Bill 255, 80th Gen. Assembly, First Regular Session." Section 9.090, Conference Committee Substitute No. 24, H.B. No. 1009, 1980.
Section 4 of H.B. No. 255, 80th Gen. Assembly, First Regular Session, is codified at § 56.700, RSMo Supp. 1980. In subsection 1 of the section, the prosecuting attorney is authorized to employ an assistant to carry out duties related to mental health. Thus, the assistant is an employee of the county because he has been employed by the prosecuting attorney pursuant to § 56.700.
An employee of the county is an employee for the state administered old age and survivors, disability, and handicapped insurance law, § 105.300 to § 105.440, RSMo.
The assistant employed by the prosecutor "shall receive an annual compensation of fifteen thousand dollars." This compensation to be received by the employee would constitute wages as defined for OASDHI purposes in § 105.300(11), RSMo Supp. 1980.
As the employer of the assistant prosecutor employed under § 56.700, the county is subject to extending the benefits of Title II of the Social Security Act to the assistant prosecutor as it does to its other employees.
The legislature has appropriated funds to pay fifteen thousand dollars ($15,000) to compensate each of such assistants. Consequently, it is clear from both the wording of § 56.700, and the appropriations bill that the legislature intended to pay only compensation for such assistants rather than the payroll taxes and fringe benefits.
The county as the employer is required to pay an excise tax with respect to the compensation paid to its employees by26 U.S.C.A. § 3111 because of the agreement entered into by the state with the federal government and the participation by agreement of the county in the state program.
The statements from the June 2, 1980, letter from the Department of Mental Health that the fifteen thousand dollars ($15,000) received from state appropriated funds will "include any expenses for payroll taxes and related fringe benefits" should be disregarded. The assistant prosecutor should receive the fifteen thousand dollars ($15,000) compensation subject to the usual withholding taxes. The county should contribute the employer contributions for the assistant prosecutor just as it does for the prosecutor.
CONCLUSION
Therefore, it is the opinion of this office that counties where assistant prosecutors are employed under § 56.700, RSMo Supp. 1980, are responsible for the employers share of social security taxes and for fringe benefits provided to other county employees.
The foregoing opinion which I hereby approve, was prepared by my assistant, Reginald H. Turnbull.
Very truly yours,
 JOHN ASHCROFT Attorney General